1809.

Barnes
vs
Blackiston

S. The plaintiff to prove that *F. Bowie* was one of the sureties in the administration bond on the personal estate of *J. Eversfield*, and that the personal estate had been misapplied, and not legally administered, offered in evidence the administration bond, and an account signed by *F. Bowie*, for the administratrix, and intending to prove thereby that *F. Bowie* was not entitled to a proportion of the sales of the real estate of *J. Eversfield*, equal to the sums awarded to him. The defendant objected to the same being proved and read in evidence; and the county court, [*Sprigg*, Ch. J. and *Duckett*, A. J.] being divided in opinion, the same was not permitted to be proved or offered in evidence. The plaintiff excepted. Verdicts and judgments in both cases for the defendant, and the plaintiff prosecuted these appeals.

The causes were argued before CHASE, Ch. J. POLK, BUCHANAN, NICHOLSON, and EARLE, J. by

*Magruder*, for the Appellant; and by
*T. Buchanan*, for the Appellee.

━━━━━━━━━━

JUNE,

BARNES VS. BLACKISTON, *et al.*

B and J sold and delivered to H B a quantity of sugar, under a parol agreement with J R, that J R, would pay for the sugar if H B did not. J R paid B and J for the sugar; and an action of *assumpsit* was brought in the names of 'B and J for the use of J R—*Held*, that it could not be sustained.

As a matter of practice, the evidence offered to the jury, on which the opinion of the court is prayed, ought to be stated in the bill of exceptions. The court of appeals, however, will retain a bill of exceptions where the court below was called on and did give a direction to the jury, although no facts are stated therein.

APPEAL from *Charles* County Court. This was an action of *assumpsit*, brought by the appellees, and entered for the use of *James Robertson*, against the appellant. The declaration contained a count for goods, wares and merchandizes, properly chargeable in account, as by a particular account, &c. a count for money paid, laid out and expended, and a count on a *quantum meruit* for goods, &c. property chargeable in account, sold and delivered. An account was filed with the declaration, in which the defendant was charged as debtor to the plaintiffs, on the 3d of December 1799, "to 1 hhd. sugar, p. bill p. Mr. *James*

1809.

Barnes
vs
Blackiston

*Robertson,* on 90 days credit, $174 55." At the trial of the cause, the defendant moved the court to direct the jury, that if they find from the evidence that the plaintiffs sold and delivered to the defendant the sugar mentioned in the declaration, under a parol agreement with *James Robertson,* (for whose use the suit is endorsed on the record,) that he *Robertson* would pay for the sugar if the defendant did not, and that *Robertson* did pay the plaintiffs for the sugar, in virtue of his agreement, at the request of the plaintiffs, that then the action cannot be maintained in the names of the plaintiffs, for the use of *Robertson,* but that *Robertson* should have brought an action in his own name for money advanced, or laid out and expended, for the defendant. Which opinion and direction the county court, [*Sprigg,* Ch. J.] refused to give to the jury. The defendant excepted; and the verdict and judgment being for the plaintiffs, the defendant prosecuted this appeal.

The cause was argued before CHASE, Ch. J. BUCHANAN, and NICHOLSON, J.

*T. Buchanan,* for the Appellant, contended, that the judgment of the court below must be reversed. That it was too plain a case to require an argument.

*Shaaff,* for the Appellees. The claim is a proper one against the appellant, yet the action may have been misconceived. This court can only look at the declaration and the bill of exceptions. The court below were right in refusing to give the opinion prayed for, if there was no evidence in the case. There are no facts stated in the bill of exceptions, but a hypothetical opinion prayed to be given by the court, which the court very properly refused to give. No evidence was offered that the money was paid by *Robertson,* or any agreement that he would pay it, if the defendant did not; and this court cannot say that the court below erred in refusing to give an opinion where no facts were proved to justify such opinion being given. It is not stated that the defendant offered to prove the fact of payment by *Robertson,* nor that the plaintiffs had been paid. If the judgment is reversed, this court will say that the opinion ought to have been given by the court below, although founded on no facts. It cannot be inferred

by this court judicially, that there was any evidence offered at all. This court cannot travel out of the record. It is important that facts should be stated; and this court cannot reverse this judgment, as there was no statement of facts upon which the opinion and direction, as prayed, could be given.

*T. Buchanan*, in reply. Hypothetical opinions have been often given in the late general court, and courts do so when they do not require the whole facts spread upon the record. It is done to prevent the drawing up the facts, and crowding the record, and to save expense to the parties. Such was the practice in the cases of *Lawrence vs. Devalt*, *(October* term 1794.) *Mahony vs. Ashton*, 4 *Harr. & M'Hen.* 296, 305. , *Newman vs. Morris*, 4 *Harr. & M'Hen.* 421. *Queen vs. Ashton*, 3 *Harr. & M'Hen.* 339. *Worthington vs. Filthy*, *(October* term 1791;) and *Reeves vs. Middleton*, *(May* term 1793.) Will it be said, that because no facts are stated, this court will not review the decision of the court below? It may be inferred that the evidence was offered, or the court below would not have been called on to give the opinion and direction as prayed.

CHASE, Ch. J. In every case where the court are called upon to give a direction to the jury, the facts should appear, and the opinion of the court will depend upon the nature of the evidence, and unless it does appear what the facts are, it cannot be said the court erred in their opinion by refusing to give the opinion asked for. If a contrary practice prevailed, the court might be called upon to decide upon questions not arising in the case. I am of opinion, that the bill of exceptions in this case ought not to be retained by this court.

BUCHANAN, J. As the court below has not stated that they refused the prayer, because the facts were not stated or proved, this court are bound to decide on the law in the case. The most regular way would be to state the facts, or that there were no such facts, if none existed in the case. If in this case there had been no facts to justify the opinion being given, the plaintiffs should not have stated in the bill of exceptions that the facts did not exist. As a matter of practice, the evidence should be stated. It is

my opinion, that the bill of exceptions taken in the case ought to be retained.

NICHOLSON, J. concurred with BUCHANAN, J.

JUDGMENT REVERSED.